UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA GONZALEZ,

      Plaintiff,

                                      Case No. 26-cv-11442
v.                                  Honorable Linda V. Parker

STAKE, LLC, SWEEPSTAKES
LIMITED, et al.,

      Defendants.
_____/

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING
PLAINTIFF TO FILE AN AMENDED COMPLAINT</u>**

On April 30, 2026, Plaintiff filed a pro se Complaint against Defendants

Stake, LLC and Sweepstakes Limited.[1]  Plaintiff also filed a "Motion for Waiver

of Fees and Court Costs," which has been docketed as an application to proceed

informa pauperis ("IFP").  (ECF No. 2.)  For the following reasons, the Court is

denying without prejudice Plaintiff's request to proceed without paying the filing

fee and requiring him to file an amended complaint.

---

[1] It is unclear whether Plaintiff intends to sue others.  In the Complaint, he included "et al." after the named Defendants but mentions no other known or unknown individuals or entities in the pleading.  This is just one of many elements of the Complaint that are unclear.  *See infra*.

While Plaintiff indicates in his "motion" that a litigant should not be required to pay the filing fee if doing so would sacrifice "the general necessities of life," he fails to provide information to show that paying the fee is beyond his means.  He offers no information regarding his current income, assets, or expenses. To assess a litigant's ability to pay the filing fee, the Court has a standard form on which the filer must provide personal financial information and swear to its accuracy under penalty of perjury.  *See* *https://www.mied.uscourts.gov.IFP Application*.

Because Plaintiff's filing is deficient, the Court is denying his motion and requiring him to complete and file the required form, if he wishes to proceed without paying the filing fee.  Plaintiff's Complaint also is deficient, and so the Court is requiring him to file an amended pleading as well.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must set forth a short and plain statement of the grounds upon which federal-court jurisdiction depends, a short and plain statement of the claim(s) showing that the pleader is entitled to relief, and a demand for judgment for the relief sought.  *See* Fed. R. Civ. P. 8(a).  A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual

2

content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Twombly*, 550 U.S. at 555.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972).  Even when held to a less stringent standard, however, Plaintiff's Complaint fails to satisfy Rule 8.  For example, Plaintiff fails to explain how Defendants engage in "deception, unlawful and unsafe operation of an online digital gaming platform," induce consumers to participate in an online gaming system, what material information they conceal, how they comprise data integrity, how his data was comprised, what finances were stolen from him, or how they were stolen.  (*See generally* ECF No. 1.)  Plaintiff does not indicate when any misconduct occurred.  He also does not specify what federal and state statutes he claims Defendants violated.[2]  The last element of a properly pled complaint is

---

[2] Plaintiff mentions "RICO"—the Racketeer Influenced and Corrupt Organizations Act—but he fails to allege any facts to plausibly allege a violation of the statute: "(1) two or more predicate racketeering offenses, (2) the existence of an enterprise

particularly important because, without it, the Court is unable to determine whether it has federal subject matter jurisdiction over this action.

"Federal courts are courts of limited jurisdiction" and only have "the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The basis for federal subject-matter jurisdiction must appear "on the face of the plaintiff's properly pleaded complaint." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Generally, federal court jurisdiction is premised on "federal question" or "diversity" jurisdiction under 28 U.S.C. §§ 1331 and 1332, respectively.

Under § 1331, district courts have jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th

---

affecting interstate commerce, (3) a connection between the racketeering offenses and the enterprise, and (4) injury [to his business or property]." *Grow Mich., LLC v. LT Lender, LLC*, 50 F.4th 587, 594 (6th Cir. 2022) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993)).  To plausibly allege "racketeering activity," Plaintiff also must set forth facts establishing a violation of one of the federal statutes specified in the RICO statute, 18 U.S.C. § 1961(1)(B).

Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). Without factual allegations and identified claim(s), this Court cannot determine whether Plaintiff plausibly pleads a violation of federal law.

District courts have jurisdiction over civil actions under § 1332 only where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . .." 28 U.S.C. § 1332. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citation and quotation marks omitted). Plaintiff fails to identify the citizenship of the parties. The only amount stated in his Complaint ($48,500.00) is below the threshold for establishing diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed IFP is **DENIED WITHOUT PREJUDICE**. To proceed IFP, Plaintiff must complete and file the required IFP application **within fourteen (14) days** of this Opinion and Order. Failure to file a completed and signed form, or to pay the filing fee, by the deadline will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file an amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 and this Opinion and Order. The failure to

5

file an amended complaint by the deadline, or the filing of an amendment that still

fails to satisfy Rule 8, may result in this action being dismissed without prejudice.[3]

      **SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 5, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 5, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[3] The Court advises Plaintiff that the District's website contains information useful to pro se parties: http://www.mied.uscourts.gov/. Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.