UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA GONZALEZ,

      Plaintiff,

v.                                        Case No. 26-cv-11442
                                        Honorable Linda V. Parker

STAKE, LLC and
SWEEPSTEAKS LIMITED,

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SEAL (ECF NO. 12) AND MOTION TO AMEND/CORRECT JUDGMENT (ECF NO. 14) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR STATUS UPDATE (ECF NO. 16)**

On April 30, 2026, Plaintiff filed a pro se Complaint against Defendants. (ECF No. 1.)  The Court subsequently dismissed the Complaint without prejudice because Plaintiff neither paid the required filing fee nor filed an appropriate application to proceed in forma pauperis ("IFP"), after being warned that the failure to do so would result in the dismissal of this action.  (ECF Nos. 8, 11.) Plaintiff has now moved to seal the filings in this matter and to amend or correct the judgment pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (ECF Nos. 12, 14.)  Plaintiff also has filed a "Motion to Status Update."  (ECF No. 16.)

1

Plaintiff's motion to amend the judgment is focused on a dismissal on the merits of the claims in his Complaint.  (*See* ECF No. 14.)  The Court, however, never addressed the merits.  Instead, it dismissed the Complaint without prejudice because Plaintiff did not pay the filing fee or file an IFP application.  He, therefore, fails to establish a basis for relief under Rule 59 or 60.

As for Plaintiff's request to seal pursuant to the Tax Reform Act, it is well established that the public and press have a right to access court proceedings and records, which the common law and the First Amendment protect.  *Brown & Willliamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (1983).  "That interest rests on several grounds[,]" including the public's "entitle[ment] to assess for itself the merits of judicial decisions" and its "interest in ascertaining what evidence and records the [d]istrict [c]ourt[s] and [courts of appeals] have relied upon in reaching [their] decisions."  *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted).  Therefore, when evaluating requests to seal, courts must consider the rights of the public and press, even when there is no objection from the nonmoving party.  *See In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983); *Rudd Equip. Co. v. John Deere Constr. & Forestry*, 834 F.3d 589, 595 (6th Cir. 2016).

There is a "strong presumption in favor of openness" as to court proceedings and records.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299,

2

305 (6th Cir. 2016) (quoting *Brown & Williamson*, 710 F.2d at 1179).  This presumption may be overcome only where "sealing is . . . 'essential to preserve higher values' and is 'narrowly tailored' to serve such ends.'"  *In re Search of Fair Fin.*, 692 F.3d 424, 429 (6th Cir. 2012) (quoting *Press-Enter., Co. v. Superior Ct. of Calif. for Riverside Cnty.*, 478 U.S. 1, 9 (1986)).  The party seeking to limit public access to court proceedings or records bears the burden of overcoming the presumption of openness.  *Shane Grp.*, 825 F.3d at 305 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

The Sixth Circuit has advised that members of the public should be afforded an opportunity to intervene and present their views as to why information should not be sealed.  *See Knoxville News-Sentinel*, 723 F.2d at 475-76.  Therefore, the court suggested, motions to seal should be publicly docketed, *see id.*, and "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations[,]" *Shane Grp.*, 825 F.3d at 305-06.

As the Sixth Circuit more recently advised, the party seeking to seal documents or a court record must (1) detail the necessity and legal support for sealing, (2) explain why the need for privacy outweighs the public's right to access, and (3) ensure the request is limited in its scope.  *Rudd Equip. Co.*, 834 F.2d at 594; *Shane Grp.*, 825 F.3d at 306.  This ensures that there are sufficient conclusions to "justify nondisclosure to the public."  *Rudd Equip. Co., Inc.*, 834

F.3d at 594 (citing *Brown & Williamson*, 710 F.2d at 1176). Local Rule 5.3 encompasses the requirements and procedures for moving to seal set forth in Supreme Court and Sixth Circuit precedent for civil and criminal matters in this District. *See* E.D. Mich. LR 1.1(c) (indicating that "[t]hese rules apply in civil and criminal actions"); E.D. Mich. LCrR 1.1 (providing that "the general local rules apply to criminal actions").

For example, the rule requires a party moving to seal to identify the privacy interests that may be affected if the documents sought to be sealed were publicly disclosed. E.D. Mich. LR 5.3(b)(3)(A)(i). Additionally, the movant must provide "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority[.]" *Id.* 5.3(b)(3)(A)(iv). The rule instructs movants to file a redacted copy of the material sought to be sealed as an exhibit to the motion, and to file an unredacted copy as a second exhibit filed under seal. *Id.* 5.3(b)(3)(A)(v), (vi).

Plaintiff's present motion fails to meet the requirements detailed above. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend judgment (ECF No. 14 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 12) is **DENIED**.

5

**IT IS FURTHER ORDERED** that Plaintiff's motion for a status update is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 29, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5